UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CHARLES L. GOODELL, :
: CASE NO. 3:08-CV-2479
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 8, 16, 17, & 18.]
JESSE WILLIAMS, *Warden*, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 10, 2008, Petitioner Charles Goodell filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] With his petition, Goodell seeks relief from the increased sentence that an Ohio state trial court imposed on remand following his successful appeal of part of his original criminal sentence. [*Id.*] The Petitioner argues that the unexplained harsher sentence was the product of unconstitutional vindictiveness by the state trial court. [*Id.* at 17-18.] Respondent Jesse Williams, the warden of the facility where the Petitioner is incarcerated, opposes the petition. [Doc. 8.]

On September 8, 2009, Magistrate Judge Greg White recommended that this Court deny the petition. [Doc. 17.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 18.] For the reasons below, the Court **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation and **CONDITIONALLY GRANTS** Goodell's petition for a writ of habeas corpus.

Case No. 3:08-CV-2479
Gwin, J.

# I. Background

In 2002, a Lucas County Court of Common Pleas jury convicted Petitioner Goodell of one count of rape, two counts of aggravated burglary, and two counts of felonious assault. *State v. Goodell*, No. L-07-1016, 2007 WL 2874334, at *1 (Ohio Ct. App. Sept. 28, 2007). Common Pleas Judge Lanzinger then sentenced the Petitioner to an aggregate prison term of nine years: five years for the rape count and four years for each of the other counts, with the four-year sentences running concurrently with each other but consecutive to the five-year rape sentence. *Id.* at *1.

The Petitioner appealed his sentence, arguing that the trial court imposed consecutive sentences without making certain findings then required by state law. *Id.* at *2. The Sixth District Court of Appeals of Ohio agreed with the Petitioner and remanded the case to the trial court for resentencing.[1] *Id.* at *2.

On remand, a different trial court judge, Judge Cook, presided. *Id.* at *2. The court did not limit the remand proceedings to the propriety of the Petitioner's consecutive sentence. *Id.* at *2. Instead, the court increased the Petitioner's aggregate sentence to 16 years. *Id.* at *2. The court increased his rape sentence from five years to seven years, increased his aggravated burglary sentences from four years each to five years each (running concurrently to each other), and left the felonious assault sentences at four years each (also running concurrently). *Id.* at *2. Additionally, the court ordered the Petitioner to serve the aggravated burglary sentences consecutively to the felonious assault sentences and consecutively to the rape sentence. *Id.* at *2. The aggregate 16-year

---

[1] The Ohio Supreme Court has subsequently changed this rule. In *State v. Kalish*, 896 N.E.2d 124 (2008), the Ohio Supreme Court ended the statutory obligation for sentencing judges to state their reasons for imposing non-presumptive sentencing: "trial courts 'have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.'" *Id.* at 126 (quoting *State v. Foster*, 845 N.E.2d 470 (2006)).

Case No. 3:08-CV-2479
Gwin, J.

sentence was seven years longer than his original sentence of nine years. *Id*. at *2. In explaining this longer sentence, the trial court made no mention of any facts not presented at his original sentencing. [Doc. 8 at 14-17.]

The Petitioner then appealed this second sentence, arguing that the trial court acted outside the scope of its authority when it increased his sentences for the rape and aggravated burglary convictions. *Goodell*, 2007 WL 2874334, at *2. The state appellate court again agreed with the Petitioner and remanded the case for a third sentencing hearing. *Id*. at *2.

On this second remand, the trial court reduced the Petitioner's aggregate sentence to 13 years. *Id*. at *2. The court reduced his rape and aggravated burglary sentences to their original terms (five and four years, respectively). *Id*. at *2. However, the court again ordered that the Petitioner serve the four-year aggravated burglary sentence consecutively to the four-year felonious assault sentence and consecutive to the five-year rape sentence. *Id*. at *2. Again, the court's explanation for the 13-year sentence included no facts not presented at his original sentencing. [Doc. 8 at 20.]

the Petitioner exhausted his state appeals without success. [Doc. 1 at 11.] On October 10, 2008, he filed this petition for a writ of habeas corpus. [*Id.*]

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which governs collateral attacks on state-court decisions, prohibits federal courts from granting a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts

-3-

Case No. 3:08-CV-2479
Gwin, J.

in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A successful request for habeas relief under AEDPA's "contrary to" clause must meet two requirements. First, the state-court decision must be "contrary to" federal law. *Id.* The Supreme Court has explained that a state-court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000). Although § 2254(d) requires federal courts "'to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, . . . when the state court addresses a legal question, it is the law "as determined by the Supreme Court of the United States" that prevails.'" *Williams*, 529 U.S. at 387 (citation omitted).

Second, the federal law that the state-court decision transgressed must be "clearly established." 28 U.S.C. § 2254(d). The Supreme Court has directed federal courts to evaluate whether federal law is "clearly established" by reference to "the holdings, as opposed to the dicta, of th[e Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 413.

With these two requirements in mind, the Court turns to Goodell's petition.

### III. Analysis

#### A. Was the State-Court Decision "Contrary To" the Fourteenth Amendment?

Petitioner Goodell contends that the resentencing court's unexplained longer sentence on remand was "contrary to" his Fourteenth Amendment right to due process. This Court agrees.

In *North Carolina v. Pearce*, the Supreme Court announced that the Due Process Clause prohibits a harsher sentence after reconviction following a new trial if the resentencing court's

-4-

Case No. 3:08-CV-2479
Gwin, J.

vindictiveness motivated the higher sentence. 395 U.S. 711, 725 (1969) ("Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of such apprehension of such a retaliatory motivation on the part of the sentencing judge.").

To protect this right to due process, *Pearce* explained that a longer sentence upon remand creates a presumption of vindictiveness.[2] Id. at 726. A resentencing court wishing to impose a longer sentence may, however, defeat this presumption of unconstitutional vindictiveness if

> the reasons for [the longer sentence] affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant . . . . And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.*

The *Pearce* Court then applied this framework to the two companion cases before it. In the titular case, the defendant received a 12- to 15-year sentence following his criminal conviction in the Durham Superior Court. Id. at 713. The defendant appealed his conviction and ultimately won a new trial from the Supreme Court of North Carolina. Id. After retrial and reconviction, the Durham Superior Court sentenced the defendant to a prison term nearly three years longer than the term he received after his original conviction. Id.

On habeas review, the Supreme Court held that the harsher second sentence created a

---

[2] Even if the presumption of vindictiveness does not apply, a defendant can establish a constitutional violation by showing that the harsher second sentence was the product of actual vindictiveness. *See Texas v. McCullough*, 475 U.S. 134, 138 (1986).

Case No. 3:08-CV-2479
Gwin, J.

presumption of unconstitutional vindictiveness. *Id.* at 726. Moreover, the Court held that the state failed to rebut this presumption because "neither at the time the increased sentence was imposed upon Pearce, nor at any stage in this habeas corpus proceeding, has the State offered any reason or justification for that sentence beyond the naked power to impose it." *Id.* The *Pearce* Court thus affirmed the grant of habeas relief. *Id.*

Critically (for purposes of this case), the Durham Superior Court judge who resentenced the defendant was not the same Durham Superior Court judge who sentenced him after his original trial. *See State v. Pearce*, 151 S.E.2d 571, 572 (N.C. 1966); *see also Chaffin v. Stynchcombe*, 412 U.S. 17, 41 n.4 (1973) (Marshall, J., dissenting) ("Pearce was tried before two different judges."); *Texas v. McCullough*, 475 U.S. 134, 140 n.3 (1986) ("*Pearce* itself apparently involved different judges presiding over the two trials . . . ."). Yet the fact that a different judge resentenced the defendant did not alter the Supreme Court's analysis; it held that the presumption of vindictiveness applied all the same.

The Petitioner's case is on all fours with *Pearce*. Following his conviction and nine-year aggregate sentence in the state trial court, the Petitioner appealed to the state appellate court and won a remand for resentencing. *State v. Goodell*, No. L-07-1016, 2007 WL 2874334, at *2 (Ohio Ct. App. Sept. 28, 2007). On remand, a different trial court judge imposed a 13-year aggregate sentence—four years longer than the Petitioner's original sentence. *Id.* at *2. The resentencing judge offered no new justification for the harsher sentence. *Id.* at *2.

Faced with facts "materially indistinguishable" from these, *Williams*, 529 U.S. at 406, the Supreme Court in *Pearce* held that the unexplained increase in the defendant's sentence created an unrebutted presumption of unconstitutional vindictiveness. 395 U.S. at 726. Yet the state court in

-6-

Case No. 3:08-CV-2479
Gwin, J.

this case held that the unexplained increase in the Petitioner's sentence created no presumption of vindictiveness. *Goodell*, 2007 WL 2874334, at *2. That decision was contrary to federal law.

### B. Was Pearce *"Clearly Established"* at the Time of the State-Court Decision?

The square holding of *Pearce* is, by definition, "clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). However, although it has never overruled *Pearce*, the Supreme Court has confined the scope of the *Pearce* rule over the last forty years, bringing into question whether it was still "clearly established" at the time of the state-court decision in this case.

Since deciding *Pearce*, the Supreme Court has considered *Pearce*'s scope on a number of occasions. First, in *Moon v. Maryland*, 398 U.S. 319 (1970), the Court held that the *Pearce* presumption does not arise when the defendant concedes that vindictiveness played no role in the harsher sentence. Second, in *Colten v. Kentucky*, 407 U.S. 104 (1972), the Court held that the *Pearce* presumption does not arise when the second sentencer is a higher court. Third, in *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973), the Court held that the *Pearce* presumption does not apply when the second sentencer is a jury. Fourth, in *Alabama v. Smith*, 490 U.S. 794 (1989), the Court held that the *Pearce* presumption does not apply when the first sentence came after a guilty plea but the second sentence arose after trial. Though each of these four opinions ultimately decided that the *Pearce* presumption did not apply to the situations at hand, none of them called into question the holding of *Pearce*. Thus, they did not alter *Pearce*'s status as "clearly established" law.

For purposes of this case, the most direct challenge to *Pearce* came in *Texas v. McCullough*, 475 U.S. 134 (1986). In *McCullough*, the Court addressed whether the *Pearce* presumption applies when a jury originally sentenced the defendant, the presiding trial judge granted the defendant's

-7-

Case No. 3:08-CV-2479
Gwin, J.

motion for a new trial, and after reconviction the judge resentenced the defendant to a longer prison term. *Id.* at 135.

The *McCullough* Court held that the *Pearce* presumption did not apply in that situation for two reasons. First, the trial judge herself (*i.e.*, the second sentencer) granted the new trial. *Id.* at 138-39. This fact obviated any concern that the second sentencer might have an institutional interest in imposing higher sentences to discourage appeals; after all, the second sentencer concluded that the appeal had merit. *Id.* Second, the resentencer in *McCullough* was a judge, while the original sentencer was a jury. Because of this difference, the Court could not conclude that the harsher second sentence was more likely motivated by vindictiveness than by different views of the same evidence. *Id.* at 140.

The defendant in *McCullough* argued that *Pearce* had already rejected this second rationale, having applied the presumption of vindictiveness to a harsher sentence from a different sentencer. The *McCullough* Court responded to this argument in a footnote:

> *Pearce* itself apparently involved different judges presiding over the two trials, a fact that has led some courts to conclude by implication that the presumption of vindictiveness applies even where different sentencing judges are involved. That fact, however, may not have been drawn to the Court's attention and does not appear anywhere in the Court's opinion in *Pearce*. Clearly the Court did not focus on it as a consideration for its holding. Subsequent opinions have also elucidated the basis for the *Pearce* presumption. We held in *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973), for instance, that the presumption derives from the judge's "personal stake in the prior conviction," a statement clearly at odds with reading *Pearce* to answer the two-sentencer issue. We therefore decline to read *Pearce* as governing this issue.

475 U.S. at 140 n.3 (citations omitted).

Nevertheless, *McCullough* does not change the status of *Pearce*'s holding as clearly established federal law. First, the first rationale of *McCullough*—that the second sentencer was the

-8-

Case No. 3:08-CV-2479
Gwin, J.

one who decided that the defendant's appeal had merit—was absent in *Pearce* (as it is here). Second, *McCullough* presented only the question of whether first-jury-then-judge resentencings give rise to a presumption of vindictiveness.[3/] The Court had no occasion to decide whether the presumption applies when the second sentencer is a different judge on the same court as the judge who originally sentenced the defendant. In other words, the *McCullough* Court addressed only whether to extend *Pearce*, not whether to overrule it.[4/]

Reading *McCullough* to preserve *Pearce*'s holding does not lead to illogical results that might detract from *Pearce*'s status as "clearly established" law. Indeed, *McCullough*'s distinction between judge-judge and jury-judge resentencings makes good sense. Declining to apply the presumption to judge-judge resentencings could allow judicial colleagues to subvert the due process right through institutional—as opposed to personal—vindication.[5/] By contrast, juries are not repeat players who have an institutional interest in having their sentences vindicated.

Moreover, reading *McCullough* to preserve *Pearce*'s holding is consistent with other areas of federal law. Unlike in the jury-judge situation, declining to apply the presumption here humanizes

---

[3/]Hence, it is this issue to which the word "this" in the final sentence of the *McCullough* footnote refers—not whether the presumption applies to all situations in which the second sentencer is different from the first.

[4/]Indeed, the Court's decision in *Alabama v. Smith*, 490 U.S. 794 (1989), illustrates that when the Court means to overrule *Pearce*, it does so explicitly. There, the Court overruled the companion case to *Pearce*, which held that the presumption of vindictiveness applies when the first sentence arose after a guilty plea but the second sentence arose after a full trial. See *Smith*, 490 U.S. at 802-03 ("Our conclusion here is not consistent with *Simpson v. Rice*, the companion case to *North Carolina v. Pearce*. . . . Believing, as we do, that there is no basis for a presumption of vindictiveness where a second sentence imposed after a trial is heavier than a first sentence imposed after a guilty plea, we overrule *Simpson v. Rice* to that extent.") (citation omitted).

[5/]As in *Pearce*, this Court does not imply that actual vindictiveness motivated Judge Cook to increase the Petitioner's sentence. See *McCullough*, 475 U.S. at 151 (Marshall, J., dissenting) ("Whether any of these considerations actually played any part in Judge Harney's decision to give McCullough a harsher sentence after his retrial is not the issue here, just as it was not the issue in *Pearce*. The point is that the possibility that they did play such a part is sufficiently real, and proving actual prejudice, sufficiently difficult, that a presumption of vindictiveness is as appropriate here as it was in *Pearce*.").

Case No. 3:08-CV-2479
Gwin, J.

the judicial office in an unseemly way, implying that the individual judge—rather than the impersonal court—is doing the deciding. Other areas of federal law decline to recognize legally significant distinctions among judges of the same court. *See, e.g.*, *Fujisawa Pharm. Co., Ltd. v. Kapoor*, 115 F.3d 1332, 1339 (7th Cir. 1997) (Posner, C.J.) ("The doctrine of law of the case requires the second judge in a case in which there has been a reassignment to abide by the rulings of the first judge unless some new development, such as a new appellate decision, convinces him that his predecessor's ruling was incorrect."); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478.1 ("Frequent reconsideration . . . might tempt litigants to 'shop' rulings from one judge to another, and could encourage the view that the quality of justice depends on the identity of the judge. . . . The basic themes that apply to same-judge reconsideration carry forward to situations in which one trial-court judge is asked to reconsider a ruling by another trial-court judge.").

Thus, because *Moon*, *Colten*, *Chaffin*, and *McCullough* do not call into question the narrow holding of *Pearce*,[6] that holding was "clearly established" federal law at the time of the Petitioner's second and third sentences.[7]

---

[6] The numerous Ohio state court decisions holding that the *Pearce* presumption does not apply when the resentencing judge is different have no bearing on this Court's "clearly established" analysis. *See, e.g.*, *Lodi v. McMasters*, 511 N.E.2d 123, 125 (Ohio Ct. App. 1986); *State v. Chandler*, No. 83963, 2004 WL 1796665, at *2 (Ohio Ct. App. Aug. 12, 2004); *State v. Douse*, No. 82008, 2003 WL 22251444, at *6 (Ohio Ct. App. Oct.2, 2003). Under AEDPA's express terms and the Supreme Court's explicit direction, federal courts must confine their analysis to U.S. Supreme Court decisions when determining whether a particular provision of federal law is "clearly established." *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. 413.

[7] Because the Court finds that the presumption of vindictiveness applies, and because the state has not rebutted that presumption, the Court need not address the Petitioner's alternative argument that his harsher second sentence was a product of actual vindictiveness.

Case No. 3:08-CV-2479
Gwin, J.

### III. Conclusion

For the foregoing reasons, this Court concludes that the state court's harsher subsequent sentences were "contrary to . . . clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Court thus **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation and **CONDITIONALLY GRANTS** Goodell's petition for a writ of habeas corpus.

IT IS SO ORDERED.


Dated: September 29, 2009              s/        *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED   STATES   DISTRICT   JUDGE