UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

CHARLES GOODELL,

    Petitioner,

    v.

JESSE WILLIAMS, *Warden*,

    Respondent.

------------------------------------------------------

CASE NO. 3:08-CV-2479

OPINION & ORDER
[Resolving Doc. Nos. 23 & 24.]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 29, 2009, this Court conditionally granted Petitioner Charles Goodell's petition for a writ of habeas corpus. [Doc. 19.] Respondent Jesse Williams filed a timely notice of appeal from that judgment to the United States Court of Appeals for the Sixth Circuit. [Doc. 21.] The Respondent now moves this Court to stay its judgment pending the Sixth Circuit's review. [Doc. 23.]

When presented with a motion to stay its conditional grant of a writ of habeas corpus pending appeal, a district court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure § 2904 (2d ed. 1995)*.

-1-

Case No. 3:08-CV-2479
Gwin, J.

Here, the first and third factors compel denial of the Respondent's stay motion. The Respondent has not shown that his appeal to the Sixth Circuit is likely to succeed. Nor has it shown "a substantial case on the merits." *See Hilton*, 481 U.S. at 778. As this Court's order granting habeas relief observed, the state court's unexplained higher sentence after remand was contrary to the Supreme Court's decision in *North Carolina v. Pearce*, 395 U.S. 711 (1969). [Doc. 19 at 6-7.] That decision is on point with this case and remains good law.

Moreover, a stay is likely to substantially prejudice the Petitioner because the Sixth Circuit is unlikely to decide the Respondent's appeal within the ten months remaining on the Petitioner's original sentence. Thus, a stay would force the Petitioner to serve part of what the Sixth Circuit is likely to conclude is an unconstitutional sentence. *See supra*.

The second and fourth factors do not alter this analysis. The Respondent contends that he will be injured absent a stay because a resentencing will moot his appeal. But that injury would be a result of the Respondent's own decision to resentence the Petitioner—not an inevitable consequence of this Court's denial of a stay. The only injury that the Respondent faces absent a stay is that, if the Sixth Circuit reverses this Court's grant of habeas relief more than ten months from now, the Respondent may have to release the Petitioner in October 2010. But that injury would not be irreparable because, upon the Sixth Circuit's hypothetical reversal, the Respondent could then reincarcerate the Petitioner for the four years remaining on his sentence. The Respondent does not argue that reincarceration is infeasible (by showing, for example, that the Petitioner poses a significant flight risk, *cf. Hilton*, 481 U.S. at 777 (noting that flight risk is relevant in stay analysis)).

Finally, the public interest does not clearly favor a stay. Although the public interest must account for any danger the Petitioner may pose to the public if released before finishing his sentence,

Case No. 3:08-CV-2479
Gwin, J.

that danger must be discounted by his likelihood of success on appeal. *See supra*. The public has no constitutionally cognizable interest in forcing individuals—even potentially dangerous ones—to serve unconstitutional prison sentences.

Thus, the Court **DENIES** the Respondent's motion for a stay. The Respondent may, of course, move the Sixth Circuit for a stay of this Court's order pending appeal. *See* [Fed. R. App. P. 8(a)(2)(A)(ii)](#).

IT IS SO ORDERED.

Dated: January 20, 2010                    s/      *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE