UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
CHARLES L. GOODELL,                             :    CASE NO. 3:08-CV-2479
                                                :
        Petitioner,                             :
                                                :
    v.                                          :    JUDGMENT ENTRY
                                                :
JESSE WILLIAMS, *Warden*,                       :
                                                :
        Respondent.                             :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In accordance with the mandate from the Sixth Circuit Court of Appeals, Case No. 09-4338 (July 11, 2011), the Court must vacate its September 29, 2009 Order conditionally granting Petitioner Charles Goodell's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The Sixth Circuit's opinion in this case resolves an appeal from this Court's Opinion and Order conditionally granting habeas relief to Goodell, which held that the unexplained imposition of a longer sentence for Goodell upon resentencing was contrary to clearly-established federal law. Specifically, the Court determined that Goodell's due process claim was materially indistinguishable from the Supreme Court's *North Carolina v. Pearce* decision explaining that a longer sentence upon remand, even if imposed by a different sentencing judge, creates a presumption of unconstitutional vindictiveness. 395 U.S. 711 (1969).

The Sixth Circuit reached a contrary conclusion. It found no need to apply the presumption of vindictiveness where, as in this case, the higher sentence was imposed by a different sentencing

Case No. 3:08-CV-2479
Gwin, J.

judge. Moreover, the Court of Appeals found no evidence of actual vindictiveness.[1] The Sixth Circuit accordingly reversed this Court's ruling and remanded for an order denying Goodell's habeas petition.

Therefore, as required by the Sixth Circuit's July 11, 2011 judgment, the Court **DENIES** Petitioner Goodell's petition for a writ of habeas corpus.

IT IS SO ORDERED.


Dated: August 26, 2011                         s/      *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[1] The Court of Appeals noted in part that any presumption of vindictiveness was rebutted, because the resentencing judge had the benefit of a presentence report containing "objective information not available to the first sentencing judge . . . ." But this conclusion ignores the important fact that the state court judge who sentenced Goodell after his original trial had also presided over Goodell's arraignment and bond hearing, and thus would have been presented with Goodell's criminal history for the purpose of ordering bond and, later, imposing a sentence.